### FOX et al. v. PROCTOR.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. SALES (§ 126*)—ACCEPTANCE BY FAILURE TO RETURN AFTER TRIAL.

Under Personal Property Law (Consol. Laws, c. 41), § 100, as added by Laws 1911, c. 571, providing that when goods are delivered to the buyer on approval, or other similar terms, the property passes to the buyer when he signifies his approval or acceptance, or if he retains the goods without giving notice of rejection, or if a time has been fixed for the return of the goods, on the expiration of such time, and if no time has been fixed, on the expiration of a reasonable time, where lamps were delivered to defendant on 30 days' trial on September 7th or 8th, and on October 9th plaintiffs were notified to remove them, defendant was not liable for the price, assuming that the statute applied, since, there being no agreement as to the time for the return of the goods, defendant was entitled to a reasonable time after the expiration of the trial period.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 313–317; Dec. Dig. § 126.*]

2. SALES (§ 178*)—ACCEPTANCE BY FAILURE TO RETURN AFTER TRIAL.

Such section applies only where a sale has been agreed upon subject to the test being satisfactory, and does not apply where, without any agreement to purchase if the test is satisfactory, goods are delivered on trial with a view to negotiating a sale if they prove satisfactory.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 451–455; Dec. Dig. § 178.*]

Appeal from Appellate Term, First Department.

Action by Hugh L. Fox and others against Frederick F. Proctor. A judgment for defendant on a trial before the court without a jury was affirmed by the Appellate Term, and plaintiffs appeal by leave. Affirmed.

See, also, 158 App. Div. 926, 143 N. Y. Supp. 1117.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William C. Rosenberg, of New York City, for appellants.
Millard F. Tompkins, of New York City, for respondent.

LAUGHLIN, J. [1, 2] This action was brought to recover the value of four Multax lamps alleged to have been sold and delivered

by the plaintiffs to the defendant. It was conceded that the plaintiffs delivered the lamps to the defendant at his Twenty-Third street theater, on the 6th day of September, 1911, "on a thirty days' trial"; but there is no evidence tending to show that the parties had agreed that the lamps were to be purchased by the defendant if the trial test was satisfactory.

Plaintiff relied upon certain provisions of article 5, § 100, of the Personal Property Law, as added by Laws 1911, c. 57, for the contract of sale. The provisions of that article and section, upon which this contention is based, are as follows:

"100. Rules for Ascertaining Intention. Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer. * * * When goods are delivered to the buyer on approval or on trial or on satisfaction, or other similar terms, the property therein passes to the buyer (a) when he signifies his approval or acceptance to the seller or does any other act adopting the transaction; (b) if he does not signify his approval or acceptance to the seller but retains the goods without giving notice of rejection, then if a time has been fixed for the return of the goods, on the expiration of such time, and if no time has been fixed, on the expiration of a reasonable time."

The evidence shows that the lamps were not actually installed so that the trial test could commence until the 7th or 8th day of September, and it also shows that they were taken down and others substituted in their place on the 5th or 6th day of October; and were not thereafter used by the defendant. The 7th of October was Saturday, and it was conceded that on Monday, the 9th of October, the defendant notified the plaintiffs to remove the lamps from his premises. There is no evidence, other than is to be inferred from the facts herein stated, with respect to any agreement with respect to the time for the return of the goods, and therefore, if the statute applied, the defendant would have a reasonable time after the expiration of the period for the test. Manifestly it could not be said that the notice to the plaintiffs to remove the lamps was not given within a reasonable time after the expiration of the 30 days.

We are of opinion, however, that the statute only applies to cases in which a sale has been agreed upon, subject to the test being satisfactory. In other words, the statute was intended to apply to conditional sales of goods. The Legislature did not intend to attempt to enforce a sale where the goods have merely been delivered on trial. Goods are often thus delivered with a view to negotiating a sale if the test proves satisfactory. That is the reasonable inference to be drawn from the evidence with respect to the delivery and installation of the property in question.

It follows, therefore, that the judgment should be affirmed, with costs. All concur.